UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RITA D. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:19-cv-00186-JHE |
| ) | |
| STEVEN T. MNUCHIN, SECRETARY OF ) | |
| THE UNITED STATES DEPARTMENT ) | |
| OF TREASURY, et al., ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION[1]

Plaintiff Rita D. Taylor ("Taylor") brings this action against Defendant Steven T. Mnuchin, Secretary of the United States Department of Treasury alleging various claims of employment discrimination and retaliation. (Doc. 5). Defendant has moved to dismiss or, in the alternative, for summary judgment. (Doc. 12). Defendant makes several arguments in its motion, notably that the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and pursuant to 12(b)(6) for failure to state a claim.[2] (*see* doc. 13). The motion is fully briefed and ripe for review.[3] For the reasons below, Defendant's motion to dismiss for lack

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 25).

[2] The undersigned declines to convert the motion into a motion for summary judgment, as it is unnecessary because the motion to dismiss is due to be granted on jurisdictional grounds.

[3] On October 16, 2019, after briefing was completed, Taylor moved to stay the action and requested more time to respond to the motion to dismiss. (Doc. 29). Taylor explained that she had overlooked the defendant's brief when she received two boxes of documents with the motion to dismiss. (*Id*). Finding good cause, the undersigned provided Taylor until November 1, 2019, to file a supplemental response to the motion to dismiss. (Doc. 32). Taylor did not timely file a supplemental response. However, on November 4, 2019, Taylor filed a motion of extension of time and a "Motion for Proceeding with Rule 26 F Meetings and Discovery." (Docs. 33 & 34). Finding good cause, the undersigned **GRANTS** Taylor's motion for extension of time (doc. 33)

1

of jurisdiction is due to be **GRANTED**.

## I. Standard of Review

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Even when a party does not assert a jurisdictional challenge, "a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). Simply put, a federal court is powerless to act beyond its constitutional or statutory grant of subject-matter jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Regardless of how the issue came before the court, a plaintiff, as the party invoking jurisdiction, bears the burden of establishing the court's subject-matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A challenge to a court's subject matter jurisdiction may come by way of a facial attack or a factual attack:

> Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.

*Garcia v. Copenhaver, Bell & Assocs., MDs*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citations omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain

---

and accepts her "Motion for Proceeding with Rule 26 F Meetings and Discovery" (doc. 34), which is construed as a supplemental response to the motion to dismiss.

statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557).

Furthermore, Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id. See also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. Analysis

Defendant contends that many of Taylor's claims are barred by sovereign immunity and the remaining claims are untimely and must be dismissed. (Doc. 13 at 11-12).

3

## A. Sovereign Immunity

Generally speaking, the United States,[4] as a sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Sovereign immunity is jurisdictional in nature, and the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Waivers of sovereign immunity are to be strictly construed with no exceptions implied. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992). Therefore, in the absence of clear congressional intent, the courts routinely find no jurisdiction to entertain suits against the United States and dismiss any such actions. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

In this case, the United States has not waived its sovereign immunity. Therefore, this Court lacks jurisdiction over many of Taylor's claims, including those asserting violations of the Constitution or any IRS Code Manuals or any other claims outside of Title VII or the Age Discrimination Employment Act ("ADEA"). (Doc. 5 at 3-4). *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976); *Leonard v. Rumsfeld*, 146 F. Supp. 2d 1227 (M.D. Ala. 2001). Any claims other than those brought under Title VII or the ADEA are due to be dismissed as barred by sovereign immunity.

## B. Timeliness

As to Taylor's Title VII and ADEA claims, those have not been timely filed. After a federal employee receives a final agency decision on his or her administrative complaint, he or she has ninety days to file a civil action pursuant to Title VII or the ADEA. *See* 42 U.S.C. §2000e-16(c); 29 U.S.C. § 626(e). Defendant has provided evidence that on September 12, 2018, at Taylor's

---

[4] Here, the defendant, the Secretary of the Department of Treasury is a representative of the United States.

request, its office of Civil Rights and Diversity issued a Final Agency Decision ("FAD") regarding her employment complaints.[5] (Doc. 12-1). The FAD included a Notice of Appeal Rights that advised Taylor she had ninety days from receipt to file a civil action in an appropriate United States District Court. (*Id.* at 4-5). The timeframe "within 90 days" was in boldface type. (*Id.* at 5). Additionally, the FAD included a certificate of service for timeliness purposes that stated Defendant would presume Taylor received the document within five days after the date of mailing, which was September 12, 2018. (*Id.* at 9). Accordingly, Taylor had until December 16, 2018 to file her civil action. Taylor did not file this action until January 31, 2019. (Doc. 1).

Taylor contends her complaint was timely filed because the ninetieth day occurred during the government furlough and that "[p]er local federal court procedures and equal employment guidelines, pleadings are not submitted when the government is closed." (Doc. 19 at 2). Taylor's date calculations regarding the government shutdown are incorrect. The furlough due to a lapse in funding or "government shutdown" to which Taylor refers did not occur until December 21, 2018 – five days after Taylor's filing deadline of December 16, 2018. Furthermore, the furlough or lapse in funding had nothing to do with Taylor failing to file her civil action. This Court remained open through December 2018 and January 2019. There was no impediment to Taylor filing her civil action. This action is untimely.[6] Furthermore, as there were no impediments to filing this action equitable tolling is not warranted. *See Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990) (equitable tolling against the government is only allowed when a plaintiff has actively

---

[5] The Final Agency Decision addresses four of Taylor's complaints concerning violations of Title VII and the ADEA. (Doc. 12-1).

[6] Only those issues presented in Taylor's EEO complaints referenced in her Final Agency Decision letter were exhausted. As administrative exhaustion is a prerequisite to filing a discrimination claim, any additional claims outside of those in Taylor's EEO claims would be due to be dismissed for failure to exhaust. *See Brown v. Snow*, 440 F.3d 1259, 1262-63 (11th Cir. 2006).

5

pursued her judicial remedies by filing defective pleadings during the statutory period or is induced by the adversary's conduct to miss filing deadlines).

In response to Defendant's motion, Taylor contends she is entitled to discovery. (Doc. 19 at 4). Discovery follows the filing of a well-pleaded complaint. It is not a device used to enable a plaintiff to make a case when she had failed to state a claim or when there is no jurisdiction. As this action is due to be dismissed based on a lack of jurisdiction and because it was not timely filed, discovery is not warranted.

### III. Conclusion

For the reasons articulated above, Defendant's motion to dismiss (doc. 12) is **GRANTED**. A separate order will be entered.

The Clerk is **DIRECTED** to **TERM** all pending motions.

DONE this 5th day of November, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE